IN RE APPLICATION OF NATIONAL BROADCASTING
COMPANY, INC., A CORPORATION, PETITIONER.

Argued February 5, 1974—Decided April 3, 1974.

*Mr. Floyd Abrams* of the New York Bar, argued the cause for petitioner (*Mr. William J. Hamilton, Jr.,* attorney; *Messrs. Cahill, Gordon, Sonnett, Reindel and Ohl, Mr. Jerome Doyle and Mr. Michael J. Klosk,* all of the New York Bar, of counsel).

*Mr. Stephen L. Skillman,* Assistant Attorney General, argued the cause for the State of New Jersey (*Mr. William F. Hyland,* Attorney General of the State of New Jersey, attorney).

*Mr. John S. Kuhlthau,* Prosecutor of Middlesex County, and President of the County Prosecutors' Association of New Jersey, argued on behalf of the latter association.

*Mr. Stanley S. Brotman* argued the cause for *amicus curiae,* New Jersey State Bar Association.

Columbia Broadcasting System, Inc., *amicus curiae,* submitted a brief in support of the petitioner. (*Mr. Michael J. Goldey and Ms. Eleanor S. Applewhaite,* both of the New York Bar, of counsel).

PER CURIAM. The National Broadcasting Company, Inc. (NBC) has filed a petition with this Court seeking a modification of Canon 35 of the Canons of Judicial Ethics. These Canons, pursuant to *R.* 1:14, have heretofore governed the conduct of the judges of all courts of this State. In pertinent part Canon 35 provides that,

> . . . the making of sketches of the court room or of any person in it during sessions of the court or recesses between sessions . . . are calculated ot detract from the essential dignity of the proceedings, degrade the court and create misconceptions with respect thereto in the mind of the public and should not be permitted.

Columbia Broadcasting System, Inc. (CBS) and the New Jersey State Bar Association, appearing as *amici curiae,* re-

spectively support and oppose the petition. The Attorney General and the County Prosecutors Association of New Jersey for the most part support the petition.

NBC alleges that an effective manner of reporting judicial proceedings of current interest via the television networks includes the use of sketches, prepared in court, constituting pictorial representations of the courtroom scene. Television and movie cameras being very generally barred from courtrooms, the broadcasting companies commonly engage artists who unobtrusively draw sketches of the judicial proceedings. It is suggested that the use of such sketches during a televised news broadcast imparts an immediacy and realism not otherwise to be had. In New Jersey, however, because of Canon 35, such sketching has heretofore not been permitted. It has been pointed out and we judicially notice that such sketches today frequently appear in newspapers as well as in televised news broadcasts.

It is the position of NBC and CBS that they have a constitutional right to have artists sketch courtroom scenes, unobtrusively, during the course of a judicial proceeding. Briefs have been filed and we have had the benefit of oral argument. We do not reach the constitutional issues presented, but rather decide, as a matter of policy, tentatively and upon an experimental basis, that the present ban on courtroom sketching, subject to what is said below, should be modified.

██ A judge must always maintain decorum in the courtroom during the course of a trial or any other judicial proceeding. It was presumably to preserve this quality of dignity that the prohibition upon sketching was originally adopted. We are assured by the broadcasting companies that the proposed sketching will be unobtrusive and will not distract the attention of witnesses or jurors, nor be in any way a coercive influence upon them. We see no reason to doubt this assurance and note that today such sketching is permitted in most courts throughout the country. Should the conduct of an artist at any time fail to meet these standards

or appear to detract from the order or decorum of the court, the judge of course has the power and indeed the duty to take whatever corrective steps may be appropriate. Furthermore we are not suggesting any limitation upon the right of a judge to exclude persons from the courtroom, either where a procceding is to be held *in camera,* as for instance pursuant to *R.* 5:5–1(b), or where for any sufficient reason a limitation upon the number of persons present seems appropriate.

Petitioner's application is accordingly granted. The new Code of Judicial Conduct of the American Bar Association as amended by this Court is, coincidentally, adopted and promulgated this day to become effective immediately. It replaces the existing Canons of Judicial Ethics and contains no prohibition against sketching judicial proceedings in a courtroom, in the manner described.

*For granting of application*—Acting Chief Justice JACOBS and Justices HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD.—6.

*Opposed*—None.